IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHENIKA BRINSON, | § | |
| | § | |
| *Plaintiff,* | § | SA-22-CV-00038-XR |
| | § | |
| vs. | § | |
| | § | |
| PARK ON BANDERA APARTMENTS, | § | |
| THE LAW OFFICE OF DAVID E. | § | |
| DILLEY, PLLC, | § | |
| | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns Plaintiff's Motion for Writ of Attachment [#10], which was referred to the undersigned for disposition on February 15, 2022. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's motion be **denied**.

## I. Background

This case arises out of a lease agreement between Plaintiff and Defendant Park on Bandera Apartments. Plaintiff, who is proceeding *pro se*, alleges that Bandera Apartments assessed her with certain fees that were not disclosed in the parties' lease agreement and wrongfully rescinded her lease and ordered her to vacate the premises in violation of the Truth in Lending Act, 15 U.S.C. § 1601; the Fair Credit Reporting Act, 15 U.S.C. § 1681; the Equal Credit Opportunity Act, 15 U.S.C. § 1691(a); and Fair Debt Collection Practices Act, 15 U.S.C. § 1692a. Plaintiff's Amended Complaint states that she has already been subjected to a state court injunction to vacate the apartment that was the subject of the lease agreement at issue as

well as a judgment in the amount to $2,394, which she must pay to Bandera Apartments. Plaintiff's Amended Complaint sues both Bandera Apartments and the Law Office of David E. Dilley, the entity that posted the notice to vacate on Bandera Apartments' behalf. Plaintiff seeks statutory damages under the Acts.

By the motion currently pending before the Court, Plaintiff asks the Court to issue a writ of attachment on property located at 2011 Bandera Road Apt #1802, San Antonio, Texas, 78228, and order the United States Marshals Service to seize the property. Plaintiff further requests to be named substitute custodian for the U.S. Marshals and maintain direct responsibility for the property until judgment is rendered in this case. Defendants have not filed a response in opposition to the motion, and the motion is ripe for review.

## II.  Legal Standard

Rule 64 of the Federal Rules of Civil Procedure provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). Such remedies include attachment of property per the Federal Rules. *Id.* at 64(b).

Under Texas law, writs of attachment are available prior to judgment. *Marsoft, Inc. v. United LNG, L.P.*, No. H-13-2332, 2014 WL 5386094, at *9 (S.D. Tex. Oct. 21, 2014) (citing Tex. Civ. Prac. & Rem. Code §§ 61.003, 63.001; *E.E. Maxwell Co. v. Arti Decor, Ltd.*, 638 F. Supp. 749, 752–53 (N.D. Tex. 1986) (applying Texas law); *Foael v. White*, 745 S.W.2d 444, 445 (Tex. App.—Houston [14th Dist.] 1988, no writ)). *See also* Tex. R. Civ. P. 592 (stating that a plaintiff may seek a writ of attachment "[e]ither at the commencement of a suit or at any time during its progress"). Section 61.001 of the Texas Civil Practice and Remedies Code provides

that a writ of attachment is available to a plaintiff if: (1) the defendant is justly indebted to the plaintiff; (2) the attachment is not sought for purpose of injuring or harassing the defendant; (3) the plaintiff will probably lose his debt unless the writ of attachment is issued; and (4) specific grounds for the writ exist under Section 61.002.  Tex. Civ. Prac. & Rem. Code § 61.001.  Section 61.002 provides that attachment is available if:

> (1) the defendant is not a resident of this state or is a foreign corporation or is acting as such;

> (2) the defendant is about to move from this state permanently and has refused to pay or secure the debt due the plaintiff;

> (3) the defendant is in hiding so that ordinary process of law cannot be served on him;

> (4) the defendant has hidden or is about to hide his property for the purpose of defrauding his creditors;

> (5) the defendant is about to remove his property from this state without leaving an amount sufficient to pay his debts;

> (6) the defendant is about to remove all or part of his property from the county in which the suit is brought with the intent to defraud his creditors;

> (7) the defendant has disposed of or is about to dispose of all or part of his property with the intent to defraud his creditors;

> (8) the defendant is about to convert all or part of his property into money for the purpose of placing it beyond the reach of his creditors; or

> (9) the defendant owes the plaintiff for property obtained by the defendant under false pretenses.

*Id.* at § 61.002.

A plaintiff seeking a writ of attachment "must support the application with an affidavit by the plaintiff or the plaintiff's agent or attorney that states the general and specific grounds for issuance and the amount of the demand."  *Marsoft, Inc.*, 2014 WL 5386094, at *10; *see also*

*Royalty Clearinghouse, Ltd. v. CTS Props., Ltd.*, No. 1:16-CV-1342-LY, 2018 WL 5733175, at *3 (W.D. Tex. July 31, 2018) (citing Tex. R. Civ. P. 592) ("An application for a writ of attachment must be supported by the affidavit of a person having knowledge of relevant facts.").

Prejudgment writs of attachment are considered to be a harsh and oppressive remedy, and the rules governing the provision of this remedy must be "strictly followed." *See, e.g.*, *In re Argyll Equities, LLC*, 227 S.W.3d 268, 271 (Tex. App.—San Antonio 2007, no pet.) (citations omitted). The validity of the writ "does not depend on the truthfulness of the allegations of the affidavit or petition but on compliance with the statute in making the affidavit." *E.E. Maxwell Co.*, 638 F. Supp. at 752 (citing *21 Turtle Creek Square Ltd. v. N.Y. State Teachers' Ret. Sys.*, 425 F.2d 1366, 1369 (5th Cir. 1970)) (applying Texas law).

### III.  Analysis

Plaintiff has failed to satisfy the requirements for obtaining a writ of attachment pursuant to Rule 64 and Texas law.  She has not provided the Court with an affidavit providing the general and specific grounds for issuance of the writ under Sections 61.001 and 61.002 of the Texas Civil Practices and Remedies Code.  Moreover, even if she were to obtain a judgment against Defendants, Plaintiff has not established why a writ of attachment as to her former apartment is necessary to secure that judgment.  Plaintiff does not assert that the apartment is the only asset of Defendants or that Defendants are about to dispose of this asset, such that there is a risk of inability to satisfy any future judgment.  Because Plaintiff has failed to satisfy the procedural and substantive requirements to secure the extraordinary remedy of a writ of attachment, the undersigned recommends that her motion be denied.

Finally, insofar as Plaintiff's motion is seeking preliminary equitable relief in the form of a temporary restraining order or preliminary injunction to continue to reside in the apartment at

issue during the pendency of this suit, the Court should also deny this request.  Plaintiff's pleadings suggest she is no longer residing in the apartment at issue because of the state court injunction to vacate the building.  Therefore, issuing the requested relief would alter, rather than preserve, the status quo.  *See* Fed. R. Civ. P. 65; *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 829 (5th Cir. 1976) (stating purpose of preliminary injunctive relief is to avoid irreparable injury and preserve status quo).

### IV.  Conclusion and Recommendation

Having considered Plaintiff's motion and the record before the Court, the undersigned recommends that Plaintiff's Motion for Writ of Attachment [#10] be **DENIED**.

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file

timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 28th day of February, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE