IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHENIKA BRINSON,<br>*Plaintiff,* | §<br>§<br>§ | |
| | § | SA-22-CV-00038-XR |
| -vs- | §<br>§ | |
| PARK ON BANDERA APARTMENTS &<br>THE LAW OFFICE OF DAVID E.<br>DILLEY, PLLC,<br>*Defendants* | §<br>§<br>§<br>§ | |

**ORDER**

On this date, the Court considered United States Magistrate Judge Elizabeth S. Chestney's report and recommendation filed on February 28, 2022 (ECF No. 12) regarding Plaintiff Shenika Brinson's *pro se* motion for a writ of attachment (ECF No. 10), and Plaintiff Shenika Brinson's objections (ECF No. 15). Defendants Park on Bandera Apartments ("Bandera Apartments") and The Law Office of David E. Dilley have not filed a response in opposition to the original motion or Plaintiff's subsequent objections to the Magistrate's recommendation. After careful review, the Court **ACCEPTS** the Magistrate Judge's recommendation and **DENIES** the motion.

**BACKGROUND**

This case arises out of a lease agreement between Plaintiff Shenika Brinson and Defendant Park on Bandera Apartments.[1] Plaintiff, proceeding *pro se*, alleges that Bandera Apartments: (1) assessed her with certain fees that were not disclosed in the parties' lease agreement; (2) wrongfully rescinded her lease; and (3) ordered her to vacate the premises in violation of the Truth in Lending Act, 15 U.S.C. § 1631; the Fair Credit Reporting Act, 15 U.S.C. § 1681b(2),

---

[1] Plaintiff's amended complaint names both Bandera Apartments and the Law Office of David E. Dilley, the entity that posted the notice to vacate on Bandera Apartment's behalf, as defendants.

1

1681m(a)(1); the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691(a), (d)(2); and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ECF No. 5 ¶¶ 21–35.

Plaintiff's amended complaint states that she has been subjected to a state court injunction ordering her to vacate the apartment that was the subject of the lease agreement at issue, as well as a judgment in the amount of $2,394, which she must pay to Bandera Apartments. *Id.* ¶ 20. Plaintiff seeks statutory damages, *Id.* ¶¶ 38–44, and a writ of attachment on the apartment unit located at 2011 Bandera Road #1802, San Antonio, Texas 78228. *Id.* ¶ 36; ECF No. 10.

On February 11, 2022, Plaintiff filed a motion for a writ of attachment on the apartment unit, and the motion was referred to the Magistrate Judge. ECF No. 10. The Magistrate Judge submitted her report and recommendation on February 28, 2022, recommending this Court deny Plaintiff's motion for writ of attachment because: (1) Plaintiff had not supported the motion with the requisite affidavit identifying the grounds for the writ; (2) Plaintiff had not otherwise identified why a writ of attachment was necessary to secure the judgment sought in the amended complaint; and (3) to the extent Plaintiff is requesting preliminary equitable relief to remain in the apartment during the pendency of this suit, such relief would not maintain the status quo because Plaintiff no longer resides at the Bandera Apartments. ECF No. 12 at 4–5.

On March 3, 2022, Plaintiff filed the previously missing affidavit for writ of attachment, as well as objections to the Magistrate Judge's report and recommendation. ECF Nos. 14, 15. Defendants have not filed responses in opposition to either the motion for writ of attachment or Plaintiff's objections to the Magistrate Judge's recommendation.

**DISCUSSION**

I. **Legal Standard**

  A. **Review of Magistrate Report and Recommendation**

Where the report and recommendation has been objected to, the Court reviews the Magistrate Judge's recommended disposition de novo pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[De novo] review means that the Court will examine the entire record, and will make an independent assessment of the law." *Johnson v. Sw. Rsch. Inst.*, 210 F. Supp. 3d 863, 864 (W.D. Tex. 2016).

  B. **Issuance of Writ of Attachment**

Rule 64 of the Federal Rules of Civil Procedure provides, "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment," including attachment. FED. R. CIV. P. 64(a), (b).

Under Texas law, writs of attachment are available prior to judgment. *Marsoft, Inc. v. United LNG, L.P.*, No. H-13-2332, 2014 WL 5386094, at *9 (S.D. Tex. Oct. 21, 2014) (citing TEX. CIV. PRAC. & REM. CODE §§ 61.003, 63.001); *see also* TEX. R. CIV. P. 592 (stating that a plaintiff may seek a writ of attachment "[e]ither at the commencement of a suit or at any time during its progress . . . ."). Section 61.001 of the Texas Civil Practice and Remedies Code provides that a writ of attachment is available to a plaintiff if all of the following elements are met: (1) the defendant is justly indebted to the plaintiff; (2) the attachment is not sought for purpose of injuring or harassing the defendant; (3) the plaintiff will probably lose his debt unless the writ of attachment

3

is issued; and (4) specific grounds for the writ exist under section 61.002. TEX. CIV. PRAC. & REM. CODE § 61.001. Section 61.002 further provides that attachment is available if:

> (1) the defendant is not a resident of this state or is a foreign corporation or is acting as such;
>
> (2) the defendant is about to move from this state permanently and has refused to pay or secure the debt due the plaintiff;
>
> (3) the defendant is in hiding so that ordinary process of law cannot be served on him;
>
> (4) the defendant has hidden or is about to hide his property for the purpose of defrauding his creditors;
>
> (5) the defendant is about to remove his property from this state without leaving an amount sufficient to pay his debts;
>
> (6) the defendant is about to remove all or part of his property from the county in which the suit is brought with the intent to defraud his creditors;
>
> (7) the defendant has disposed of or is about to dispose of all or part of his property with the intent to defraud his creditors;
>
> (8) the defendant is about to convert all or part of his property into money for the purpose of placing it beyond the reach of his creditors; or
>
> (9) the defendant owes the plaintiff for property obtained by the defendant under false pretenses.

*Id.* § 61.002.

A plaintiff seeking a writ of attachment "must support the application with an affidavit by the plaintiff or the plaintiff's agent or attorney that states the general and specific grounds for issuance and the amount of the demand." *Marsoft, Inc.*, 2014 WL 5386094, at *10 (citing TEX. R. CIV. PRAC. & REM. CODE § 61.002(a); *see also* TEX. R. CIV. P. 592 (stating an application for a writ of attachment must be supported by the affidavit of a person with knowledge of the specific facts justifying relief).

Prejudgment writs of attachment are considered a harsh and oppressive remedy, and the rules governing such a remedy must be "strictly followed." *See, e.g.*, *In re Argyll Equities, LLC*, 227 S.W.3d 268, 271 (Tex. App.—San Antonio 2007, no pet.) (citations omitted). The validity of the writ "does not depend on the truthfulness of the allegations of the affidavit or petition but on compliance with the statute in making the affidavit." *E.E. Maxwell Co., Inc. v. Arti Decor, Ltd.*, 638 F. Supp. 749, 752 (N.D. Tex. 1986) (citing *21 Turtle Creek Square, Ltd. v. N.Y. State Teachers' Ret. Sys.*, 425 F.2d 1366, 1369 (5th Cir. 1970)) (applying Texas law).

II.   **Analysis**

The Magistrate Judge's report and recommendation explains that Plaintiff's motion did not satisfy the requirements for issuance of a writ of attachment because the motion did not include an affidavit stating the general and specific grounds for issuance or the amount of the demand. ECF No. 12 at 4–5. Although Plaintiff subsequently filed an affidavit in support of her motion, this affidavit merely restates the underlying allegations of Plaintiff's claim; it does not state the requisite general and specific grounds for issuance of a writ of attachment or the amount of the demand. *See* ECF No. 14; TEX. R. CIV. PRAC. & REM. CODE § 61.002(a); *see also* TEX. R. CIV. P. 592.

Plaintiff's objections to the Magistrate Judge's report references her amended complaint for the proposition that the writ is necessary to "avert the likelihood of injury to the Plaintiff during the pendency of this action and to preserve the possibility of effective final relief." ECF No. 15 ¶ 2. To the extent Plaintiff's objection is asserting that there is a risk of inability to satisfy a future judgment unless a writ of attachment is issued, there is no factual support for such an assertion in the affidavit. Plaintiff does not assert, for example, that the apartment is Defendant's only asset,

5

that Defendant is about to dispose of the asset, or that there is any other specific ground justifying attachment under section 61.002. *See* TEX. CIV. PRAC. & REM. CODE § 61.002.

Plaintiff further objects that the Magistrate Judge's conclusions are "in accordance with State law," but that "State law will not provide greater protection to the Plaintiff than Federal law." ECF No. 15 ¶ 3. While Plaintiff insists that the Magistrate Judge should have applied federal law rather than state law, the Magistrate Judge was required to apply state law with respect to remedies unless an applicable federal statute affords a similar remedy. *See* FED. R. CIV. P. 64(a), (b). Plaintiff does not reference, and the Court cannot find, an independent basis for a writ of attachment under any of the federal statutes Plaintiff claims Defendants violated.[2] Therefore, the Magistrate Judge properly looked to Texas law in determining whether Plaintiff properly supported her motion for the issuance of a writ of attachment. *See id.*

Finally, Plaintiff objects to the Magistrate Judge's recommendation that the writ of attachment be denied because the "recommendation is an act of discrimination" against Plaintiff as a consumer asserting her rights in good faith under the Equal Credit Opportunity Act. ECF No. 15 ¶ 4. To the extent that Plaintiff asserts the Magistrate Judge violated 15 U.S.C. § 1691(a)(3), that provision is not applicable because (1) the Magistrate Judge is not a creditor, *see* 15 U.S.C. § 1691(a), and (2) the judicial resolution of a dispute adversely to a plaintiff's interests does not demonstrate discrimination under § 1691(a) or any other provision of the Equal Credit Opportunity Act. *See* 15 U.S.C. § 1691 *et seq.*

---

[2]   Plaintiff's amended complaint cites to Federal Rule of Civil Procedure 4 for the proposition that this Court "is authorized to enforce any remedy at the commencement of and throughout an action that would secure satisfaction of the potential judgment." ECF No. 5 ¶ 36. However, this statement is not included the affidavit. *See* ECF No. 14. Regardless, Rule 4 addresses the procedures governing service of process, not authorizing particular remedies in a civil case. *See* FED. R. CIV. P. 4.

## CONCLUSION

For these reasons, the Court **ACCEPTS** the Magistrate Judge's Report and Recommendation. Plaintiff's motion for issuance of a writ of attachment (ECF No. 10) is **DENIED.**

It is so **ORDERED**.

**SIGNED** this 13th day of April, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE