IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHENIKA BRINSON, | § | |
| | § | |
| *Plaintiff,* | § | SA-22-CV-00038-ESC |
| | § | |
| vs. | § | |
| | § | |
| PARK ON BANDERA APARTMENTS, | § | |
| THE LAW OFFICE OF DAVID E. | § | |
| DILLEY, PLLC, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action are Defendant 2201 Bandera Road LLC's Motion to Dismiss under Rule 12(b)(6) [#16] and Defendant Law Office of David E. Dilley, PLLC's Motion to Dismiss under Rule 12(b)(6) [#17]. The undersigned has authority to enter an order on Defendants' motions pursuant to 28 U.S.C. § 636(c), as all parties have consented to the jurisdiction of a United States Magistrate Judge [#28]. For the reasons set forth below, the Court will **grant** the motions.

**I.  Background**

This case arises out of a residential lease agreement and eviction. Plaintiff Shenika Brinson filed this action against Defendants Park on Bandera Apartments ("Bandera")[1] and the Law Office of David E. Dilley, PLLC ("Dilley"), on January 19, 2022, by filing a motion to proceed *in forma pauperis*. The Court granted the motion and ordered service of Plaintiff's

---

[1] Although Plaintiff names Park on Bandera Apartments as a Defendant, Defendant identifies itself as 2011 Bandera Road LLC, doing business as Park on Bandera Apartments. The Court will refer to this Defendant as Bandera.

1

Complaint on Defendants. Plaintiff thereafter filed an Amended Complaint [#5], which remains the live pleading.

In her Amended Complaint, Plaintiff alleges that Bandera assessed her with certain fees that were not disclosed in the parties' lease agreement, wrongfully rescinded her lease, and ordered her to vacate the premises in violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"); the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"); the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* ("ECOA"); and Fair Debt Collection Practice Act, 15 U.S.C. § 1692a, *et seq.* ("FDCPA"). The Dilley law firm is the entity that allegedly posted the notice to vacate on Bandera's behalf.

Defendants have now each filed a motion to dismiss Plaintiff's claims under Rule 12(b)(6). Plaintiff has not filed a response to the motions. Under this Court's Local Rules, the Court may grant a motion as unopposed where no response is filed. *See* W.D. Tex. Loc. R. CV-7(d). However, because Defendants' motions ask the Court to dispose of all of Plaintiff's claims, the Court will still evaluate the motions on their merits.

## II.  Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The

2

allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Generally, in deciding a motion to dismiss, a court may not look beyond the four corners of the plaintiff's pleadings without converting the motion to a motion for summary judgment. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999); Fed. R. Civ. P. 12(d). A court may, however, consider documents attached to the complaint and those that are central to the claims at issue and incorporated into the complaint by reference. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Additionally, this Court may take judicial notice of another court's judicial action. *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998).

### III.  Analysis

Defendants move to dismiss all of Plaintiff's claims. Because Plaintiff's claims are barred by *res judicata* and otherwise fail as a matter of law, the Court will grant the motions.

**A.**    **Plaintiff's claims against Bandera are barred by *res judicata*.**

Bandera argues that it already obtained a judgment and writ of possession to evict Plaintiff from the residential dwelling underlying the lease at issue and therefore all of Plaintiff's claims against Bandera are barred by *res judicata*. Although *res judicata* is an affirmative defense, it "may be properly raised on a Rule 12(b)(6) motion to dismiss when the facts are admitted or not controverted or are conclusively established." *Meyers v. Textron, Inc.*, 540 Fed. App'x 408, 410 (5th Cir. 2013). *Res judicata*, or claim preclusion, prevents "the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

Texas law is applicable here in determining *res judicata* because the claimed preclusive effect arises from a Texas state-court judgment. *Cox v. Nueces Cnty., Tex.*, 839 F.3d 418, 421 (5th Cir. 2016). Under Texas law, for *res judicata* to apply: (1) the parties must be identical (or in privity) in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases. *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). In determining whether the fourth element is satisfied, this Court applies the "transactional test," which requires that the two actions be based on the same "nucleus of operative facts." *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007). "[A] prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] transaction arose.'" *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting *Petro–Hunt, LLC v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004)).

Bandera argues that Plaintiff's claims are based on the same nucleus of operative facts as in *Park on Bandera Apartments v. Sheinika Brinson and All Other Occupants*, Cause No. 21E2104622, Justice Court, Precinct No. 2, Bexar County, Texas, a forcible entry and detainer action which was fully litigated on the merits after a hearing and decided on January 7, 2022, in favor of Bandera. In that action, Bandera alleged that Plaintiff breached the parties' residential lease by failing to pay rent. Plaintiff responded to the lawsuit by alleging that Bandera violated the FCRA and the FDCPA, two of the statutory causes of action raised in this suit. (Answer [#16-3], at 2.)

Bandera has included a copy of the state-court judgment with its motion, which finds that Bandera properly terminated Plaintiff's lease, that Plaintiff owes Bandera restitution in the form

of unpaid rent for the apartment and attorney's fees, and that Bandera was authorized to enforce the judgment with a writ of possession. (Judgment [#16-1], at 1). Bandera has also provided the Court with a copy of Plaintiff's notice of appeal of that judgment, which was filed on January 28, 2022. (Notice of Appeal [#16-2], at 1.) At the time Bandera filed its motion, the appeal remained pending. *See Park on Bandera Apartments vs. Sheinika Brinson*, No. 2022CV00287 (Count Court at Law 10). "[A] case pending appeal is *res judicata* and entitled to full faith and credit unless and until reversed on appeal." *Fidelity Standard Life Ins. Co. v. First Nat. Bank & Trust Co.*, 510 F.2d 272, 273 (5th Cir. 1975) (per curiam) (citing *Prager v. El Paso Nat'l Bank*, 417 F.2d 111 (5th Cir. 1969)). The Court takes judicial notice of the court records provided by Bandera and the County Court at Law docket, which together establish that the County Court at Law affirmed the justice court's judgment on April 28, 2022. *See Park on Bandera Apartments vs. Sheinika Brinson*, No. 2022CV00287 (Count Court at Law 10).

Even if Plaintiff did not raise every cause of action asserted here in her prior lawsuit, the Court finds that the elements of *res judicata* have been satisfied. The state court issued a final judgment on the merits in a lawsuit between Plaintiff and Bandera regarding Plaintiff's eviction. This lawsuit concerns the same nucleus of operative facts as the instant lawsuit, which alleges that Bandera wrongfully rescinded Plaintiff's lease. Because the parties already litigated the subject matter of this suit to final judgment, Plaintiff's claims are barred by the doctrine of *res judicata*.

**B.    Plaintiff's claims under the TILA fail as a matter of law.**

Count I of Plaintiff's Amended Complaint alleges that Bandera failed to disclose any of the required information to Plaintiff under the TILA before, during, or after the consummation of

the consumer credit transaction at issue by charging her a $1,000 risk fee that was not disclosed by Bandera in the lease.  (Am. Compl. [#5], at 3, 5.)  This claim fails as a matter of law.

The purpose of the TILA is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices."  15 U.S.C. § 1601(a).  The TILA defines "creditor" as a person "who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit . . . and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable[.]"  *Id.* at § 1602(g).  The TILA defines a consumer "as on in which the party to whom credit is offered or extended is a natural person." *Id.* at § 1602(i).  Plaintiff's allegations do not arise from any extension of credit such that Bandera would be considered a creditor under the statute.  Nor has Plaintiff established that she is a consumer under the statute.  The Court will therefore dismiss her claim under the TILA.

**C.    Plaintiff's claims under the FCRA fail as a matter of law.**

Counts II and III of Plaintiff's Amended Complaint allege that Bandera violated the FCRA by failing to inform Plaintiff that the $1,000 risk fee was "an adverse action" against Plaintiff.  (Am. Compl. [#5], at 3, 5–6.)  Plaintiff invokes Sections 1681b(2) and 1681m(a)(1) of the FCRA in her pleadings.  (*Id.* at 6.)  Plaintiff's factual allegations do not give rise to a plausible violation of these sections of the FCRA.

First, Section 1681b requires "any consumer reporting agency" to "furnish a consumer report . . . in accordance with the written instructions of the consumer to whom it relates."  15 U.S.C. § 1681b(a)(2).  "The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in

the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." *Id.* at § 1681a(f).  Bandera is not a consumer reporting agency within the meaning of the statute.  Nothing in Plaintiff's pleadings establish that Bandera is anything vis-à-vis Plaintiff but her residential landlord.

But even if Bandera qualified as a consumer reporting agency, Plaintiff's FCRA claims would still fail because Section 1681m(a)(1) does not apply to the relationship between Plaintiff and Bandera.  This section concerns "adverse actions" taken on the basis of a consumer report.  The FCRA defines "adverse action" as the denial or cancellation of insurance, employment, or specific licenses.  15 U.S.C. § 1681a(k).  The allegations underlying Plaintiff's claims under the FCRA concern the assessment of a $1,000 risk fee at the outset of her lease to rent her apartment.  Plaintiff has not alleged that Bandera engaged in a statutory adverse action against Plaintiff cognizable under the FCRA.  These claims therefore fail as a matter of law.

**D.      Plaintiff's claims under the ECOA fail as a matter of law.**

Count IV of Plaintiff's Amended Complaint alleges that Bandera violated Sections 1691(a) and (d)(6) of the ECOA by discriminating against Plaintiff in a credit transaction and failing to provide Plaintiff reasons as to why an adverse action (the assessment of the $1,000 risk fee) had been taken against her.  (Am. Compl. [#5], at 6.)  Again, because Bandera is not a creditor, her claim that Bandera discriminated against her under the ECOA also fails as a matter of law.  Section 1691(a) of the ECOA only applies to creditors.  *See* 15 U.S.C. § 1691(a) ("It shall be unlawful for any creditor to discriminate . . . .").  Under the ECOA, a creditor is "any person who regularly extends, renews, or continues credit; any person who regularly arranges for

7

the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." *Id.* at § 1691a(e).  And again, even if Bandera were a creditor, Plaintiff's ECOA claims would still fail.  Section 1691(d)(6) addresses "adverse actions," which the ECOA defines as "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." *Id.* at § 1691(d)(6).  Plaintiff does not allege that Bandera engaged in a credit transaction or denied, revoked, or altered a credit transaction.  Thus, Plaintiff's claims under the ECOA fail as a matter of law.

**E.     Plaintiff's claims under the FDCPA fail as a matter of law.**

Counts V to XI of Plaintiff's Amended Complaint assert claims under the FDCPA.  Plaintiff alleges that Bandera and the Dilley law firm used abusive, deceptive, and unfair debt collection practices in attempting to collect an alleged debt in the amount of $2,394.  (Am. Compl. [#5], at 7.)  Plaintiff cites Sections 1692a(6), 1692b(2), 1692c(a), 1692d(2), 1692e(3), 1692f(1), 1692i(a)(b), and 1692j of the FDCPA.  (*Id.* at 7–9.)  Plaintiff's factual allegations cannot plausibly give rise to Defendants' liability under any of these statutory provisions of the FDCPA.

Section 1692j prohibits a debt collector from designing, compiling, and furnishing "any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt."  15 U.S.C. § 1692j.  The only allegations related to the collection of the debt at issue—rent for Plaintiff's residential lease—are that Plaintiff received notice via certified mail on November 5, 2021, of Bandera's intent to rescind Plaintiff's lease and that on December 10, 2021, Dilley posted a notice to vacate on the door of Plaintiff's apartment, stating that Plaintiff

owed an alleged debt of $2,394. (Am. Compl. [#5], at 4.) Plaintiff further alleges that approximately ten days later, she received notice of Bandera's intent to sue. (*Id.* at 5.) Plaintiff's pleadings do not identify any false form or false belief that any person other than the creditor was attempting to collect a debt, only that Bandera and then Dilley (on Bandera's behalf) informed Plaintiff of an intent to rescind her lease and file a forcible detainer action.

Section 1692b imposes certain requirements on debt collectors engaging in the acquisition of location information about the consumer and prohibits communications with a person other than the consumer. 15 U.S.C. § 1692b. Section 1692c imposes parameters on communications with a consumer, such as placing limitations on the time and place of communication, i.e., prohibiting communications after 8:00 p.m. or at the consumer's place of employment. *Id.* at § 1692c(a). Even assuming Plaintiff could establish that Defendants were debt collectors and Plaintiff a consumer under the statute, she has not alleged any facts that involve acquiring location information about Plaintiff or improper communications.

Nor has Plaintiff stated a plausible claim for the violation of Section 1692d(2) or 1692e(3), which prohibit debt collectors from using obscene or profane language or making false representations about being an attorney. *Id.* at §§ 1692d(2), 1692e(3). Plaintiff's factual allegations do not concern either.

Finally, Plaintiff's claim that Bandera violated Sections 1692f(1) and 1692i(a)(b) fail as a matter of law. Section 1692f prohibits a debt collector from using unfair or unconscionable means to collect a debt, such as attempting to collect an amount beyond what has been expressly authorized by the parties' agreement giving rise to the debt. *Id.* at § 1692f(1). Section 1692i dictates the appropriate venue for legal actions filed by debt collectors. *Id.* at § 1692i. Plaintiff has not complained that Bandera brought suit in an improper venue or that Defendants sought

payment of any amount outside of the unpaid rent for Plaintiff's apartment.  As for the $1,000 risk fee, Plaintiff does not allege that this was the subject of any debt collection, as she asserts that she paid this amount at the outset of the lease agreement and attaches a copy of her check stub for this payment to her pleadings.  (Check Stub [#5], at 20.)  Because all of Plaintiff's claims fail as a matter of law,

**IT IS HEREBY ORDERED** that Defendant 2201 Bandera Road LLC's Motion to Dismiss under Rule 12(b)(6) [#16] and Defendant Law Office of David E. Dilley, PLLC's Motion to Dismiss under Rule 12(b)(6) [#17] are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants are **DISMISSED**.

SIGNED this 9th day of August, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE